Filed 10/21/20  P. v. Puebla CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO PUEBLA,<br><br>    Defendant and Appellant. | B299620<br>(Los Angeles County<br> Super. Ct. No. PA028402) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Cynthia Ulfig, Judge.  Appeal dismissed.

Boyce & Schafer and Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Rodolfo Puebla appeals from the trial court's denial of his petition for resentencing under Penal Code section 1170.95.  The petition was denied after the court concluded defendant did "NOT qualify for re-sentencing pursuant to PC 1170.95 (a) since he was NOT convicted of felony murder or murder under a natural and probable consequences theory but as an aider and abettor."

Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to independently review the record.  On April 23, 2020, we directed counsel to send the record and a copy of the opening brief to appellant.  Both his counsel and this court informed defendant that counsel had been unable to find any arguable issues.  Defendant was invited to submit a supplemental brief or letter within 30 days raising any contentions he wished this court to consider.  He did not do so.

As recently explained in *People v. Cole* (2020) 52 Cal.App.5th 1023 (review granted, Oct. 14, 2020, No. S264278) (*Cole*), the procedures set forth in *Wende* are not constitutionally compelled if a criminal defendant's appeal is not his or her initial appeal of right.  (*Id*. at p. 1038.)  We adopt the analysis in *Cole*, and apply the procedures described therein for appeals from the denial of postconviction relief.  Accordingly, if a defendant's counsel files a brief indicating she has been unable to identify any arguable appellate issues and, after notice, the defendant does not exercise his or her right to file a supplemental brief, we presume the order appealed from is correct and dismiss the appeal as abandoned.  (*Id*. at pp 1038–1040.)  Appellate counsel complied with

2

her obligations, and defendant was advised of his right to file a supplemental brief. Because he did not do so, we dismiss the appeal as abandoned in accordance with the procedures articulated in *Cole* (which we need not repeat).

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:



MANELLA, P. J.



CURREY, J.



3